# Dampf's Appeal.

1. A bill in equity was filed by A., the daughter and one of the heirs of B., a deceased partner, against the surviving partners of a firm, alleging the partnership, the refusal of the surviving partners to account, or to allow A. access to the firm's books and accounts, and collusion between B.'s administrators and the surviving partners. The bill prayed a decree for an account and for general relief. B.'s administrators claimed that the surviving partners had accounted, and therefore refused to file the bill unless A. would point out some property unaccounted for, which she did not do. B.'s widow, who was also guardian of his minor son, refused to join in the bill for the same reason, and these parties were therefore joined as defendants. The defendants filed answers which admitted the partnership, but denied the other allegations of the bill, and set up that A. had by deed conveyed her interest in B.'s real estate to the surviving partners, and had for full consideration executed a receipt, releasing the surviving partners and administrators from all liability in respect to her share of the partnership assets; and further setting up that previous to her giving this release she and her husband, as well as the administrators, had had full access to all the books and accounts of the firm. A. then filed a replication and applied to the court for the appointment of an examiner. The court refused to appoint an examiner to take testimony generally, but ordered the cause to be referred to an examiner to take testimony on the question of the defendant's liability to account, with liberty to rebut on the part of the complainant. Before this examiner it was ruled that the defendants must proceed first, and they accordingly offered in evidence the deed and release by A., and rested. A. offered no testimony in rebuttal. The examiner reported the proceedings before him to the court, and A. thereupon applied for the appointment of an examiner to take testimony generally, and at the same time the defendants moved the court to hear the case on the pleadings and testimony then in, and to enter a decree dismissing the bill. The court then filed a report containing findings of fact based on the evidence and answers, and findings of law in favor of dismissing the bill. After the argument of exceptions filed to this report, the court entered a decree dismissing the bill.

*Held*, that the preliminary reference was the proper practice; that the defendants' denial of their liability to account put that question immediately at issue, thus raising a preliminary inquiry which ought to be first disposed of; and *further*, that upon the pleadings and evidence as they stood after the filing of the examiner's report, the court was manifestly correct in dismissing the bill.

2. *Quære*, whether a bill for the settlement of partnership accounts will lie against surviving partners at the suit of a distributee of a deceased partner, when there are administrators competent to act, but who decline to do so.

March 18, 1884.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Court of Common Pleas of *Bradford county:* In equity.   Of January Term, 1883, No. 341.

Bill in equity, filed February 3, 1881, between John Henry Dampf and Fanny P. Dampf his wife in the right of said wife, complainants; and Horace Pomeroy, Samuel W. Pomeroy, Frederick E. Smith and William Smith, surviving partners of Daniel F. Pomeroy deceased; and Eleazer Pomeroy surviving administrator of said decedent; and Henrietta B. Pomeroy, widow of said decedent and guardian of Daniel F. Pomeroy Jr. his infant son,—praying for an account and settlement by said surviving partners.

The complainant, Fanny P. Dampf was the daughter of Daniel F. Pomeroy deceased.   The bill was filed against the surviving partners of her father, who was a member of two banking firms, alleging the partnerships and asking a decree for an account and for general relief.

The administrators of the deceased partner claimed that the surviving partners had accounted, and therefore refused to file a bill, unless the complainant would point out some property or assets not accounted for,—which she declined to do.   The widow who was also guardian of the minor son refused to join in the bill in either capacity for the same reason, and all these parties were therefore made defendants.

The bill set out that the firms owned at the time of the decedent's death, a large amount of real property, to a share of which complainant was entitled as heir of said decedent; that in order to ascertain her just share, complainant had requested an account and settlement by the said surviving partners, which they had refused.   And that they had also refused to give her any exact information, and to permit an examination of the accounts, and affairs of the said firms to be made in her behalf.   And that they were withholding from complainant her just share in her father's estate, and retaining the same for themselves.   And that they and the said administrators were acting in collusion.

The surviving partners filed an answer denying any collusion with the administrators or refusal to account or to give the complainant exact information; and setting up that complainant was not entitled to any part of decedent's estate because of a conveyance of her share of the real estate to themselves, by the complainant on June 2, 1873; and because of a release given them by her on October 7, 1874, in full settlement of all claims both as to the real and personal estate of her father, against themselves as surviving partners and against the administrators, excepting only an amount to be

paid her at the death of the widow. The answer further alleged that the same day this release was obtained, a detailed statement of the unconverted assets in the hands of said surviving partners was submitted to her and her husband and that at all times prior thereto the administrators had been allowed full access to the firm's books and accounts.

The administrators also filed an answer in which they stated that prior to the giving of the release on October 7, 1874, the surviving partners had made a detailed statement of the assets of the firms which the administrators believed to be accurate; that said administrators had access to the books, papers, statements and accounts of the firms from the time of their appointment, and found no property not accounted for by the surviving partners ; and further that the complainant and her husband had also been allowed access to said books and accounts before giving the release. The answer also alleged that the administrators had not refused to compel the surviving partners to properly account, but that the latter had properly accounted. A copy of the release was annexed to the answer.

The other parties defendant also filed similar answers, except Frederick E. Smith, who denied the partnerships. The complainant filed a replication January 9, 1882.

On the next day an application was made on the part of the complainants for the appointment of a master and examiner; thereupon, on the part of respondents a motion was made that the court direct the master to find whether there had been an account stated between the parties and if so, not to disturb it. Pending this, the application for the appointment was withdrawn. On the 10th of April, 1882, the complainants made application to the court for the appointment of an examiner and on April 12, the court made the following order :

"And, now, to wit, April 12, 1882, on consideration of plaintiff's motion for the appointment of an examiner in this case, and on examination of the pleadings and of the issues of fact appearing thereon, and it appearing to the court that the defendants deny liability to account to the plaintiffs as to the matters in the bill set forth, and set up a full accounting as to such matters : It is ordered that this cause be referred to the examiner to take testimony for the purpose of settling in the first instance the question whether there has been an account stated as alleged, and that under this reference the defendants are directed to proceed first with their evidence bearing on such allegation of an account stated, with liberty to rebut on the part of the plaintiffs."

At the hearing before the examiner, counsel offered to swear Fanny P. Dampf the complainant in support of the bill. The

defendants objected that the order of court under which the
examiner was appointed directed the defendants to proceed
first.    This objection was sustained by the examiner and the
testimony excluded.

The defendants put in evidence complainant's deed of June
2, 1873, conveying her interest in the real estate; and also the
release of October 7, 1874, and then rested.

The release was as follows:

"$3,855.00.

Received, Troy, Pa., October 7, A. D. 1874, from Pomeroy
Bros., three thousand eight hundred and fifty-five dollars,
being in full settlement of all my claims of whatever kind or
nature against the estate of my deceased father, Daniel F.
Pomeroy, both real and personal, with the exception of the
amount to be paid me at the death of Mrs. H. B. Pomeroy,
widow, and hereby release and discharge the said Pomeroy
Bros., from all claim against them as surviving partners, and
release and discharge Eleazer Pomeroy and Dummer Lilly,
administrators of said D. F. Pomeroy, from any and all claims
by me against them, excepting the said sum to be paid me at
the death of said H. B. Pomeroy."

Witness my hand and seal at Troy, this day and year
aforesaid.                          F. P. DAMPF,
        By her attorney in fact,  J. H. DAMPF.      [SEAL.]

On November 15, 1882 the examiner filed his report show-
ing the proceedings before him; and thereupon the complain-
ant again applied to the court for the appointment of an
examiner to take testimony, on the ground that equity Rule
LIX. required the court to make such appointment upon ap-
plication of counsel.    At the same time the defendants moved
the court to hear the case on the pleadings and evidence
taken.

In pursuance of these two applications the court filed a
report, which after finding the facts (from the pleadings and
examiner's report) substantially as already set out, concluded
as follows:

1. "The answers are responsive to the bill.    The test is
whether the respondent could, on cross-examination as a wit-
ness at law, be examined as to matters in anticipation of his
defence.    He is bound to answer every material allegation in
the bill; to set out whatever constitutes a part of the facts
stated in the bill, and the plaintiff makes him a witness for
that purpose; and where the averments are responsive and
uncontradicted, they are to be taken as true: 3 Gr. Ev. p., 204;
Eaton's Appeal, 16 P. F. S., 483; Burke's Appeal, 3 Out.,

350. Mrs. Dampf's bill is for an account. The respondents deny their liability to account, for the reason an account was stated and a full statement made October 7, 1874. This averment goes to the root of her right to demand an account; is responsive and uncontradicted, and is to be regarded as true.

2. "S. W. Pomeroy and Horace Pomeroy, the surviving partners, are the real defendants. If they are not obliged to account, it is an end of the case. It is true, if they do account, a master would state it, as well between them and the administrators and widow as between them and the plaintiff, so as to make an end of the whole matter : Eaton's Appeal *supra*. But the administrators' liability to account to Mrs. Dampf can only be enforced in the Orphans' Court, and hence they and the widow were joined as defendants because they refused to join in the bill.

3. " The evidence is that Mrs. Dampf had, prior to her marriage with Mr. Dampf, deeded to the surviving partners all the real estate which her father owned in connection with them at the time of his death, and that all the property in their hands in which she was interested at the time of the settlement was personalty. This she had the power to sell, transfer, or receipt for : Bond *v.* Bunting, 28 P. F. S., 210, and Dampf's Appeal, 1 Out., 371. . . . . . She had the full sum of $3,855, which was the consideration of the settlement. All this was after she had a statement of the unconverted assets in the hands of the surviving partners. There was no fraud, mistake, or ignorance. The settlement, therefore, ought to have the effect indicated upon the face of the receipt and intended by the parties. Whether it has so full effect or not, it was given to Pomeroy Brothers, and by its express terms, released and discharged them from all claim Mrs. Dampf had against them as surviving partners. It is a bar to her right to compel them to render the account demanded by her bill. The bill therefore ought to be dismissed at her cost."

Exceptions filed to this report by the complainant were dismissed by the court; and a decree entered dismissing the bill at her costs. Whereupon the complainant took this appeal assigning for error the decree of the court and the alleged irregularity of the proceedings upon which it was based; particularly the order of court making the preliminary reference, and the refusal to appoint an examiner to take testimony generally.

*Rodney A. Mercur* and *A. Ricketts*, for the appellant.—The cause was regularly at issue and the complainant regularly made application for the appointment of an examiner. Rule

LIX. of Equity Practice makes it the express duty of the court under such circumstances to make the appointment, the language being, that "after the cause is at issue the court shall appoint an examiner at the request of either party who may first make an application." The refusal of the court was such a disregard of this rule as requires a reversal: Brennan's Estate, 65 Pa. St., 16. We submit that this preliminary reference was erroneous because it was made both without authority and without occasion. Nowhere is there any provision for the appointment of a special examiner upon a special reference after the cause is at issue. It is true that the liability to account is a preliminary question, but it is preliminary simply to a reference to state an account. Before a cause can properly be referred to a master to state an account, or before a party can be required in any way to account, his liability should be shown, and a decree to account obtained. But this is precisely what we were proposing to do; we asked the appointment of an examiner, expressly and avowedly for the purpose of presenting our proofs of the liability of respondents to account, and to show our right to a decree against them to account. We were not asking the appointment of a master to take an account between the parties, or for a reference to state an account. Even if the defendants had pleaded properly and set up an account stated, that would not have been conclusive: Say v. Barnes, 4 S. & R., 112; Vantries v. Richey, 8 W. & S., 87; Commonwealth v. Moltz, 10 Pa. St., 527; Diller v. Brubaker, 52 Pa. St., 498. But this defence is not even set up by the answers. It is true the answers do set out a conveyence and receipt. But these are not in and by themselves in any way evidence of a stated or settled account; for they could have been made without anything like an account; they do not in themselves necessarily imply an account either stated or settled. Moreover, the manner in which they are set up, lacks wholly the requisites of a plea of either a stated or settled account: Beames' Pl. in Eq., 222; Coop. Eq. Pl., 279; Mitf. Eq. Pl., 6th Am. Ed., 302; Story's Eq. Pl., § 798. The report made by the court in answer to complainant's motion for the appointment of an examiner to take testimony and the defendant's motion to dismiss the bill besides being irregular contains many errors. It states that the averment of the answers of respondents as to settlement was not denied when by the replication it was expressly, distinctly and fully denied. It states that the simple averment that a settlement was made is responsive to the bill, when the charge of the bill is that the respondents were guilty of fraudulent concealment and overreaching. It speaks as though an examiner had been regularly appointed, and simply an order made upon him to

take "first," certain evidence; whereas there was only a special examiner appointed, for a special purpose, upon a special reference; and he himself and all concerned had so treated his appointment.

*Davies & Hall* (with whom were *Parsons & Rockwell* and *Overton & Sanderson*) for appellees.—Aside from the charge against the administrators, which was answered fully by the release upon its being established, the pleadings presented but one issue, viz: Had there been a release and settlement as alleged by the defendants. Under the provision contained in Rule XXXVIII. of Practice in Equity, "that the defendant shall be entitled in all cases, by answer, to insist upon all matters of defence in law (not being matters of abatement or to the character of the parties, or of matters of form), to the merits of the bill, of which he may be entitled to avail himself by demurrer or plea in bar," the defendants made their whole defence in their answers. No question arises, therefore as a plea of an account stated or release, or what such plea should set forth, or how far it should be supported by answer. Unquestionably, if the allegations of the defense are sustained they are sufficient to bar the plaintiff's right. The complainant's original motion for a master and examiner was withdrawn and afterwards a motion for an examiner made. To this examiner the court submitted the only question at issue viz: The liability of the defendants to account. As the *prima facie* interest and claim of the plaintiff was not disputed, saving the clause as to collusion between the administrators and surviving partners, and as the defendants relied on the release and the facts alleged in connection with it, they were directed to proceed with their evidence, with liberty to the plaintiffs to rebut. A hearing of testimony was accordingly had by the examiner. The documentary evidence referred to at the outset of this agreement was presented to him. Having been called upon to answer, the defendants relied upon their answers so far as they were responsive, as their evidence in addition to the documents referred to, and rested. And in the face of the admitted proof, and of the responsive answers, the plaintiff rested also. The court upon the hearing of the evidence, in connection with the pleadings, could not do otherwise than dismiss the bill, for the plaintiff's right was barred. A previous accounting, release, bond, &c., between the parties is a bar to a bill for account: Randolph *v.* Randolph, 2 Call., Va., 537; Heartt *v.* Corning, 3 Paige, N. Y. Ch., 566; Weed *v.* Smull, 7 Id., 573. On a bill for discovery, relief and account, the right of the plaintiff must first be established and decided, after which an account may be taken: Neale *v.* Hagthrop, 3 Bland, Md., 551.

Mr. Justice GREEN delivered the opinion of the court, October 6, 1884.

In this case the bill was filed by the daughter of a deceased partner, against the surviving partners of her father, alleging the partnership and asking a decree for an account and for general relief. The complainant never was a member of the firm and did not claim to have been. Administration had been granted upon the deceased partner's estate and the administrators would in all ordinary circumstances, be the proper persons to call for a settlement of accounts. But they having been applied to by this plaintiff to file a bill declined doing so on the ground that the surviving partners had accounted and the plaintiff either could not, or would not, point out any property or assets which had not been accounted for, and thereupon they were made defendants in the bill filed by the plaintiff. The question whether a bill for the settlement of partnership accounts will lie against surviving partners at the suit of a distributee of a deceased partner, when there are administrators competent to act but who decline to act, is not raised on this record and we do not decide it. Passing this by and returning to the pleadings we find that the surviving partners filed an answer in which they denied their liability to account to the plaintiff, on the ground that as to the real estate held by the firm, she had sold and conveyed all her estate and interest therein to them by deed in fee simple for a full consideration, and as to the personal estate of the firm they had taken from her, acting by her husband as attorney in fact, a full release and discharge, from all claim against them as surviving partners, and that prior to doing so they had exhibited to the administrators, and also to the plaintiff and her husband a detailed statement of the assets of the firm and that there were no assets unaccounted for. Just here it is proper to say that this answer does not aver either a stated or a settled account, or that there was a settlement which resulted in a balance of the same amount as the sum paid over to the plaintiff, and for which the release was given. Had a stated or settled account been pleaded it would undoubtedly have been in bar of a recovery unless it was specially attacked. In addition however to the answer of the surviving partners the administrators of the deceased partner filed an answer, in which they stated that prior to the giving of the release by the plaintiff to the surviving partners the latter had made a detailed statement of the assets of the firm, which they the administrators, believed to be an accurate statement, that they had access to all the books, papers, statements and accounts of the firm and that the same were examined by them, and further that they had never found a single item of property not accounted for

by the surviving partners. They also alleged in the third paragraph of their answer, that they had not refused to proceed to compel the surviving partners to properly account, but that said partners had properly accounted. They also say that when the plaintiff applied to them to join her in a proceeding to compel an account, they offered to do so if the plaintiff would inform them of any property which had not been accounted for, and that this was not done, and they had no knowledge or information of any such property. A copy of the release given by the plaintiff was annexed to the answer.

In this state of the pleadings the court declined to appoint a master or examiner generally, but ordered the cause to be referred to an examiner to take testimony on the question of the defendants' liability to account, with liberty to rebut on the part of plaintiffs. It seems to us this was the correct practice. A denial of liability to account, on the part of the defendants, put that question at issue at once. It is a preliminary question which, when raised, requires disposition prior to any hearing on the merits. This is familiar doctrine in the equity practice and was expressly ruled by this Court in Collyer *v.* Collyer, 2 Wr., 257, and Christy's Appeal, 11 Norr., 157. The propriety of such a reference was more manifest in this case, because of the fact that the legal representatives of the deceased partner themselves asserted, both the release by the plaintiff to the surviving partners and the fact that the defendants had accounted and that they knew of nothing for which the defendant partners were liable to account. The release was annexed by copy to the answer, and on its face it purports in consideration of $3,855, to release the surviving partners from all claim against them as such. In addition to this the widow of the deceased partner, who was also the guardian of his only other child and was made defendant in both capacities, filed an answer admitting that she had refused to join in the plaintiff's bill because she was informed that the defendants had accounted, and she was unable to receive information from plaintiff of any item of property for which they were accountable. It thus appears that the legal representatives of the deceased partner who were properly entitled to call for an account declined to do so, alleging that the defendants had accounted and that there was nothing for them to account for within their knowledge; the widow and guardian of one of the children who was interested in both capacities to demand an account refused to do so for similar reasons, and the surviving partners expressly denied all liability to account and exhibited a release from the plaintiff of all claims against them as such. In such circumstances it is idle to say that there is not at least

a *prima facia* case of non-liability to account which requires disposition prior to a hearing of the merits.

In the order of reference the burden of proof was put upon the defendants, and the plaintiff was given full opportunity to rebut the defendants' proofs. Subsequently the parties appeared before the examiner and the defendants gave in evidence the deed from the plaintiff for her interest in the real estate, and the release acknowledged and under seal, discharging them from all claims against them as partners, and rested. The plaintiff was then at liberty to give any evidence she chose, to impeach either of these papers, or to show that they should not have efficacy to deprive her of her right to an account. But for some reason which is not explained, she did not do so, and the hearing before the examiner closed without her giving any testimony whatever. When the report of the examiner came before the court below the state of the record was, that all the answers filed denied, some expressly, and others impliedly, any liability to account, for reasons plainly stated, and the testimony taken sustained the answers. The answer of the surviving partners was responsive to the bill, and was, moreover, sustained by corroborating proof. The record exhibited a release, apparently competent, discharging the surviving partners from all liability as such, to account to the plaintiff, and it is entirely unimpeached, after a full opportunity to impeach it had been offered to the plaintiff. She could have attacked it by her original bill, or by a supplemental bill after answer filed, or by proofs before the examiner. She did neither. What then was the court below to do with the case? Manifestly nothing but dismiss the bill. How can we say this was error when we have nothing before us to impeach either the answers or the release? We cannot arbitrarily say the release was either void or inoperative, without evidence to affect it. It seems to us the court below was correct in its action and therefore

The decree is affirmed.

Trunkey and Sterrett, JJ., dissented.